UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-20004-CIV-ALTONAGA/BANDSTRA

THAIS CARDOSO ALMEIDA,

    Plaintiff,

vs.

AMAZON.COM, INC., a Delaware
corporation,

    Defendant.
_____/

## ANSWER TO COMPLAINT

Defendant Amazon.com, Inc. ("Amazon.com") by way of answer to plaintiff's complaint, admits, denies and alleges as follows:

1. Defendant admits that this action was brought by Thais Cardoso Almeida, who alleges she is a Florida resident, and that Amazon.com is an online retailer of books. Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff is seeking injunctive relief and damages in excess of $15,000 exclusive of interest and costs within the jurisdiction of this Court but denies that Plaintiff is entitled to any such relief.

3. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 3 of the Complaint, and therefore denies the same.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations in paragraph 5 of the Complaint.



1

FTL:1155075:1

6. Defendant admits that it sells products online, some of which are delivered to customers in Florida. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant admits that it filed an action in the United States District Court for the Southern District of Florida but denies the characterization of said action and the remaining allegations in paragraph 8 of the Complaint.

9. Defendant does not contest that jurisdiction in the United States District Court for the Southern District of Florida is appropriate. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10. Defendant admits that venue would be proper in Miami-Dade County, Florida. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 12 of the Complaint, and therefore denies the same.

13. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 13 of the Complaint, and therefore denies the same.

14. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 15 of the Complaint, and therefore denies the same.

16. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 16 of the Complaint, and therefore denies the same.

17. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 17 of the Complaint, and therefore denies the same.

18. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint, and therefore denies the same.

19. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 19 of the Complaint, and therefore denies the same.

20. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 20 of the Complaint, and therefore denies the same.

21. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 21 of the Complaint, and therefore denies the same.

22. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 22 of the Complaint, and therefore denies the same.

23. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 23 of the Complaint, and therefore denies the same.

24. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 24 of the Complaint, and therefore denies the same.

25. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 25 of the Complaint, and therefore denies the same.

26. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 26 of the Complaint, and therefore denies the same.

27. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 27 of the Complaint, and therefore denies the same.

28. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 28 of the Complaint, and therefore denies the same.

29. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 29 of the Complaint, and therefore denies the same.

30. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 30 of the Complaint, and therefore denies the same.

FTL:1155075:1

31. Paragraph 31 of the Complaint contains no allegations; no response is warranted.

32. Defendant admits the allegations in paragraph 32 of the Complaint.

33. Defendant admits that it is an online retailer. Defendant denies the remaining allegations in paragraph 33 of the Complaint.

34. Defendant admits the allegations in paragraph 34 of the Complaint.

35. Defendant admits the allegations in paragraph 35 of the Complaint.

36. Defendant admits the allegations in paragraph 36 of the Complaint.

37. Defendant admits that many customers from countries around the world have made purchases through Defendant's Website, some of whom are located in Florida. Defendant denies the remaining allegations in paragraph 37 of the Complaint.

38. Defendant admits that according to the MMXI Europe May 2000 European Audience Ratings Report, the Amazon.com, Amazon.co.uk, and Amazon.de sites reach more consumers in Europe than any other site on the Internet.

39. Defendant admits that according to a recent survey by Media Metrix, Defendant's Website was identified as one of the most frequently visited shopping sites on the Internet. Defendant denies the remaining allegations in paragraph 39 of the Complaint.

40. Defendant admits many website operators around the world have become Amazon.com "Associates," and are permitted to link to Defendant's Website. Defendant denies the remaining allegations in paragraph 40 of the Complaint.

41. Defendant admits the allegations in paragraph 41 of the Complaint.

42. Defendant admits the allegations in paragraph 42 of the Complaint.

43. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 43 of the Complaint, and therefore denies the same.

44. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 44 of the Complaint, and therefore denies the same.

FTL:1155075:1

45.     Defendant's Website speaks for itself. Defendant denies all remaining allegations in paragraph 45 of the Complaint.

46.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 46 of the Complaint and therefore denies the same.

47.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 47 of the Complaint and therefore denies the same.

48.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 48 of the Complaint and therefore denies the same.

49.     The book referred to in paragraph 49 of the Complaint speaks for itself. Defendant denies all remaining allegations in paragraph 49 of the Complaint.

50.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 50 of the Complaint and therefore denies the same.

51.     Defendant denies the allegations in paragraph 51 of the Complaint.

52.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 52 of the Complaint and therefore denies the same.

53.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 53 of the Complaint and therefore denies the same.

54.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 54 of the Complaint and therefore denies the same.

55.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 55 of the Complaint and therefore denies the same.

56.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 56 of the Complaint and therefore denies the same.

57.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 57 of the Complaint and therefore denies the same.

58. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 58 of the Complaint and therefore denies the same.

59. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 59 of the Complaint and therefore denies the same.

60. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 60 of the Complaint and therefore denies the same.

61. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 61 of the Complaint and therefore denies the same.

62. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 62 of the Complaint and therefore denies the same.

63. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 63 of the Complaint and therefore denies the same.

64. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 64 of the Complaint and therefore denies the same.

65. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 65 of the Complaint and therefore denies the same.

66. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 66 of the Complaint and therefore denies the same.

67. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 67 of the Complaint and therefore denies the same.

68. Defendant admits that it offers for sale a wide range of products including books, music, and videos. Defendant denies the remaining allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Defendant denies the allegations in paragraph 71 of the Complaint.

72. Defendant denies the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant admits the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies the allegations in paragraph 87 of the Complaint.

88. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 88 of the Complaint and therefore denies the same.

89. Defendant admits the allegations in paragraph 89 of the Complaint.

90. Defendant admits the allegations in paragraph 90 of the Complaint.

91. Defendant admits the allegations in paragraph 91 of the Complaint.

92. Defendant denies the allegations in paragraph 92 of the Complaint.

93. Defendant denies the allegations in paragraph 93 of the Complaint..

94. Defendant denies the allegations in paragraph 94 of the Complaint.

95. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 95 of the Complaint and therefore denies the same.

FTL:1155075:1

96. Defendant denies the allegations in paragraph 96 of the Complaint.

97. Defendant denies the allegations in paragraph 97 of the Complaint.

98. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 98 of the Complaint and therefore denies the same.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

100. Defendant denies the allegations in paragraph 100 of the Complaint.

101. Defendant denies the allegations in paragraph 101 of the Complaint.

102. Defendant denies the allegations in paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in paragraph 103 of the Complaint.

104. The letter of March 6, 2003, referred to in paragraph 104 of the Complaint speaks for itself. Defendant denies any recharacterization thereof and any remaining allegations in paragraph 104 of the Complaint.

105. Defendant admits the allegations in paragraph 105 of the Complaint.

106. Defendant admits the allegations in paragraph 106 of the Complaint.

107. Unless a product is sold by Defendant, Defendant's "Associates" may not direct potential customers to Defendant's Website to purchase said product. Defendant has no control over the use of images by "Associates." Defendant denies the remaining allegations in paragraph 107 of the Complaint.

108. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 108 of the Complaint and therefore denies the same.

109. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 109 of the Complaint and therefore denies the same.

110. Defendant denies the allegations in paragraph 110 of the Complaint.

111. Defendant denies the allegations in paragraph 111 of the Complaint.

112. Defendant denies the allegations in paragraph 112 of the Complaint.

FTL:1155075:1

113. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 113 of the Complaint and therefore denies the same.

114. The website referred to in paragraph 114 of the Complaint speaks for itself. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 114 of the Complaint and therefore denies the same.

115. The website referred to in paragraph 115 of the Complaint speaks for itself. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 115 of the Complaint and therefore denies the same.

116. The websites referred to in paragraph 116 of the Complaint speak for themselves. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 116 of the Complaint and therefore denies the same.

117. Defendant admits that it may revoke an "Associate's" status. Defendant denies the remaining allegations in paragraph 117 of the Complaint.

118. The letter of May 13, 2003, referred to in paragraph 118 of the Complaint speaks for itself. Defendant denies any recharacterization thereof and any remaining allegations in paragraph 118 of the Complaint.

119. Defendant denies the allegations in paragraph 119 of the Complaint.

120. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 120 of the Complaint and therefore denies the same.

121. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 121 of the Complaint and therefore denies the same.

## Count I
### Statutory Claim Under Fla. Stat. §540.08

122. Paragraph 122 of the Complaint asserts a legal conclusion and does not warrant a response.

123. Defendant denies the allegations in paragraph 123 of the Complaint.

124. Defendant denies the allegations in paragraph 124 of the Complaint.

125. Defendant denies the allegations in paragraph 125 of the Complaint.

126. Defendant denies the allegations in paragraph 126 of the Complaint.

127. Defendant denies the allegations in paragraph 127 of the Complaint.

128. Defendant is without sufficient knowledge to admit or deny the allegations regarding Plaintiff's relationship with her attorneys and therefore denies the same.

129. Defendant denies the allegations in paragraph 129 of the Complaint.

## Count II
### Statutory Claim Under Florida's Civil Theft Act – Fla. Stat. §772.11

130. Paragraph 130 of the Complaint asserts a legal conclusion and does not warrant a response.

131. Defendant denies the allegations in paragraph 131 of the Complaint.

132. The letter of July 7, 2003 referred to in paragraph 132 of the Complaint speaks for itself. Defendant denies any recharacterization thereof.

133. The letter of July 7, 2003 referred to in paragraph 133 of the Complaint speaks for itself. Defendant denies any recharacterization thereof.

134. The letter of July 7, 2003 referred to in paragraph 134 of the Complaint speaks for itself. Defendant denies any recharacterization thereof.

135. Defendant denies the allegations in paragraph 135 of the Complaint.

136. Defendant denies the allegations in paragraph 136 of the Complaint.

137. Defendant is without sufficient knowledge to admit or deny the allegations regarding Plaintiff's relationship with her attorneys and therefore denies the same.

138. Defendant denies the allegations in paragraph 138 of the Complaint.

139. Defendant denies the allegations in paragraph 139 of the Complaint.

## Count III
## Common Law Invasion of Privacy

140. Defendant denies the allegations in paragraph 140 of the Complaint.

141. Defendant denies the allegations in paragraph 141 of the Complaint.

142. Defendant denies the allegations in paragraph 142 of the Complaint.

143. Defendant denies the allegations in paragraph 143 of the Complaint.

144. Defendant denies the allegations in paragraph 144 of the Complaint.

As to any allegation, fact, or conclusion of law in the Complaint not previously and/or specifically admitted or denied or discussed herein, Defendant denies any such allegation.

## DEFENSES AND AFFIRMATIVE DEFENSES

As and for a separate defense or affirmative defense to each cause of action set forth in the Complaint, Defendant alleges:

145. Plaintiff fails to state a claim upon which relief may be granted.

146. Plaintiff fails to name necessary parties pursuant to Fed. R. Civ. P. 19.

147. Any injuries or damages sustained by Plaintiff were caused in whole or in part by acts or omissions of persons or entities other than Defendant.

148. Plaintiff's claims are barred by the equitable doctrines of laches, statute of limitations, waiver, and acquiescence.

149. Plaintiff is estopped by reason of her own conduct, acts, or omissions from recovering against Defendant on any purported claim for relief contained herein.

150. Defendant acted at all times in good faith and without intent to deprive Plaintiff of a right to personal property.

151. Plaintiff's claims are barred by the first-sale doctrine.

152. Plaintiff's claims are barred by the doctrine of collateral estoppel.

153. Plaintiff's claim for punitive damages is barred and/or limited by Fla. Stat. §§ 768.72-768.74, as well as by the Florida Tort Reform Act, HB 775 (1999).

154.    Any award of punitive damages against Defendant in this matter would violate Defendant's guarantees of due process, equal protection, property and protection against excessive fines under the Fourteenth Amendment to the United States Constitution and under Article I, §§ 2, 9, and 17 of the Constitution of the State of Florida; would violate Defendant's guarantees of due process and protection against double jeopardy, excessive fines, and multiple punishments under the Fifth and Fourteenth Amendments to the United States Constitution and under Article I, §§ 9 and 17 of the Constitution of the State of Florida; would deny Defendant the protection afforded in criminal cases; and would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution.

## RESERVATION

Defendant reserves the right to add defenses and affirmative defenses, to add counterclaims and third-party defendants, and to argue legal theories in addition to or in lieu of those specifically identified herein, as the facts in this matter may warrant, including without limitation additional or further facts hereafter disclosed through discovery.

## PRAYER FOR RELIEF

Defendant prays for the following relief:

(a)     That the Complaint be dismissed with prejudice and without an award of injunctive relief, damages, costs, or fees of any kind to Plaintiff;

(b)     That Defendant be awarded its reasonable attorneys' fees and costs pursuant to Fla. Stat. § 772.11 as well as under any other applicable law; and

(c)     That Defendant be awarded such other relief as this Court deems appropriate, just, and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Facsimile and U.S. Mail this 19th day of January, 2004 to: Hendrik G. Milne, Esquire, ABALLI

MILNE KALIL & ESCAGEDO, P.A., 2250 SunTrust International Center, One Southeast Third Avenue, Miami, Florida 33131.

                                              Respectfully submitted,

                                              RUDEN, McCLOSKY, SMITH, SCHUSTER
                                              & RUSSELL, P.A.
                                              *Attorneys for Defendant Amazon.com, Inc.*
                                              P.O. Box 1900
                                              (200 East Broward Boulevard)
                                              Ft. Lauderdale, FL  33302
                                              Telephone (954) 527-2427
                                              Facsimile (954) 333-4027

                                              Beth-Ann E. Krimsky
                                              Florida Bar No. 968412
                                              Beth-Ann.Krimsky@ruden.com

Of Counsel:
STOEL RIVES LLP
David R. Goodnight, Esq.
Vanessa S. Power, Esq.

FTL:1155075:1