IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICTOF FLORIDA

District Case No. 04-cv-60099

*CA*

In re:

NESTOR AGUIAR (deceased)
CARMEN GLORIA AGUIAR,

        Debtors.

_____/

Case No. 03-50430-BKC-PGH

Chapter 13



**BRIEF OF THE APPELLEE, CARMEN GLORIA AGUIAR**

**Timothy S. Kingcade, Esq.**
Florida Bar Number 082309
KINGCADE & GARCIA, P.A.
Counsel for the Appellee
Kingcade Building
1370 Coral Way
Miami, Florida 33145-2960
Telephone: 305/285-9100
Facsimile: 305/285-9542

# TABLE OF CONTENTS

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.    Property Interests are Defined by State Law in Bankruptcy Court . . . . . 1

    2.    The Vehicle is Property of the Bankruptcy Estate . . . . . . . . . . . . . . . . . 2

## TABLE OF AUTHORITIES

## CASES

Butner v. United States, 440 U.S. 48 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## RULES AND STATUTES

11 U.S.C. §541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fla. Stat. §732.102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Fla. Stat. §732.402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

## SUMMARY OF ARGUMENT

Federal courts are bound by state law when determining property interests. Under Florida law and the United States Bankruptcy Code the interest in the 1999 Lincoln Navigator (the "Vehicle") once held by deceased Debtor, Nestor Aguiar, clearly passed by intestate succession to Debtor, Carmen Gloria Aguiar. As the Vehicle is property of the estate, the Debtor may value the collateral via the Debtor's Chapter 13 bankruptcy plan.

## LEGAL ARGUMENT

### 1. Property Interests are Defined by State Law in Bankruptcy Court

Property interests in federal courts are defined by state law. Butner v. United States, 440 U.S. 48 (1979). Florida law on intestate succession provides that the spouse's share of an intestate estate where there are surviving lineal descendants of the decedent equals $60,000 of the intestate estate, plus one-half of the balance of the intestate estate. See Fla. Stat. §732.102. As such, the Debtor, Carmen Gloria Aguiar, is entitled to $60,000, plus one-half of the balance of the intestate estate and the balance of the estate belongs to the two children born to the Debtor and the deceased, Nestor Aguiar. Fla Stat. §732.402 provides that "if a decedent was domiciled in this state at the time of death, the surviving spouse, … shall have a right to a share of the estate of the decedent as provided in this section, to be designated 'exempt property.'" Exempt property consists of "all automobiles held in the decedent's name and regularly used by the decedent or members of the decedent's immediate family as their personal automobiles." See Fla. Stat. §732.402(2)(b). As stated in appellant's brief, the decedent, Nestor Aguiar, is listed on the Certificate of Title as the registered owner. The Vehicle was purchased for the use and benefit of Debtor, Carmen Gloria Aguiar, for her personal use. Carmen Gloria Aguiar used the Vehicle to commute to and from work and to provide transportation to her two minor

1

children. The Vehicle is exempt property to which the Debtor, Carmen Gloria Aguir, is entitled to under Florida law.

## 2. The Vehicle is Property of the Bankruptcy Estate

A bankruptcy estate is comprised of all property the Debtor holds a legal and equitable interest in as of the date of the commencement of the case. See 11 U.S.C. §541(a)(1). Section 541(a)(2)(5)(A) of the Bankruptcy Code also provides that property of the estate is comprised of "any interest in property that the debtor acquires or becomes entitled to acquire within 180 days after the date of filing of the petition." On May 5, 2003, Nestor and Carmen Gloria Aguiar filed a joint Chapter 13 bankruptcy case. Nestor Aguiar died on June 27, 2003 (within 180 days of the filing of the Chapter 13 bankruptcy petition. The Vehicle was property of the estate when the petition was filed as Nestor Aguiar was listed as the registered owner on the Certificate of Title and the Vehicle remains property of the estate under 11 U.S.C. §541(a)(2)(5)(A) because Carmen Gloria Aguiar acquired her interest in the Vehicle within 180 days of the petition date by inheritance.

## CONCLUSION

The Debtor, Carmen Gloria Aguiar, has acquired an interest in the Vehicle via intestate succession. Florida and federal law indicate that since Carmen Aguiar inherited the Vehicle upon the Nestor Aguiar's death the Vehicle is property of the Chapter 13 bankruptcy estate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent, via Regular U.S. Mail, this 27th day of February 2004 to the following parties Nancy N. Herkert, Esq., P.O. Box 279806, Miramar, FL 33027 and Dennis J. Levine, Esq., P.O. Box 707, Tampa, FL 33601.

**CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Timothy S. Kingcade, Esq.
Florida Bar Number 082309
KINGCADE & GARCIA, P.A.
Kingcade Building
1370 Coral Way
Miami, Florida 33145-2960
Telephone: 305/285-9100, Fax: 305/285-0431

3